The **ALEXANDRIA HOSPITAL, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–0233–R.**

United States District Court, E.D. Virginia, Richmond Division.

Dec. 19, 1985.

Lynne Fleming, Peter M. Mellette, Martin A. Donlan, Jr., John William Crews, Crews & Hancock, Richmond, Va., Margaret W. Manning, Leonard C. Homer, Ober, Grimes & Shriver, Baltimore, Md., for plaintiffs.

Debra J. Prillaman, Asst. U.S. Atty., for defendant.

### MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on remand from the United States Court of

---

Appeals for the Fourth Circuit. Specifically, the Fourth Circuit directs the district court to "determine which claims have been properly presented in accordance with 42 U.S.C. § 1395oo and then to remand to the Secretary with instructions consistent with [its] opinion." *The Alexandria Hospital, et al. v. Heckler,* 769 F.2d 1017, 1024.

*Background*

Plaintiff, Alexandria Hospital, *et al.* (Alexandria) sued the Department of Health and Human Services (Secretary) arguing that the newly promulgated regulation, 42 C.F.R. § 405.452(a)(1)(ii)—which governs a hospital's compensation for malpractice costs attributable to Medicare patients—was invalid. On May 7, 1984, this Court declared the new regulation invalid and granted summary judgment for all claims except those brought by three of the plaintiff hospitals (Potomac, Mary Immaculate, and Greensville Memorial, Fiscal Year 1980). The Secretary noted its appeal, and upon review, the United States Court of Appeals for the Fourth Circuit affirmed the district court's "determination of invalidity." The Fourth Circuit held that the new regulation, 42 C.F.R. § 405.452(a)(1)(ii), violated the provisions of the Administrative Procedure Act (APA) and the Medicare Act, and as promulgated, it was arbitrary and capricious. *See Alexandria Hospital, supra* at 1024. The Fourth Circuit then remanded the case to the district court with a directive to enter summary judgment on behalf of those hospitals which had properly presented claims in accordance with 42 U.S.C. § 1395oo.

*Merits*

The sole issue for this Court to determine on remand is which hospitals properly presented their claims in accordance with 42 U.S.C. § 1395oo. This Court previously addressed this same issue in its Memorandum Opinion dated May 7, 1985, CA 83–0233–R. The Court found that all the plaintiff hospitals were entitled to recovery *except* for Potomac, Mary Immaculate and Greensville Fiscal Year 1980. The Secretary moved to dismiss these three plaintiff hospitals as parties in the case, arguing that these hospitals did not show a need for reimbursement because the cost reports they submitted to their fiscal intermediaries complied with the new regulation. The Court denied the Secretary's motion to dismiss and instead chose to remand the issue to the Provider Reimbursement Review Board (Board) for reconsideration in light of newly discovered evidence which had not been before the Board in its initial review of these hospitals' claims. The Board has never responded to this directive, and consequently the ability of these hospitals to recover is once again at issue before this Court.

Potomac, Mary Immaculate and Greensville Memorial Hospital, Fiscal Year 1980, did not seek reimbursement from their fiscal intermediaries for the malpractice expenses previously being challenged, but instead effected a "self disallowance" in completing their cost reports for the years in question. The Board, when it reviewed these claims, found that the malpractice expenses for which these providers sought reimbursement were not "covered by" the cost reports they filed for the years in question, that they gave no "overt notice" to their intermediaries of their intent to challenge the malpractice regulation, and consequently that the Board had no jurisdiction to entertain their challenges.

The defendant has argued that the Court's jurisdiction is limited to reviewing the Board's determination, i.e., that it lacked jurisdiction, and that the Court should uphold that determination as correct. Her position was that 42 U.S.C. § 1395oo limits the Board's—and thus this Court's—jurisdiction to cases in which the provider sought reimbursement from the intermediary for the disputed cost. Even if, as in the instant case, the Secretary's regulation instructed the provider to exclude the cost in question, the provider must either seek reimbursement for the cost and allow the intermediary to "adjust" its cost report into conformance within the regulation, or the provider must include with its cost report some form of "overt notice" to the intermediary of its intent to dispute the cost. Failure to do so, the Secretary argued, deprived the Board and

the Court of jurisdiction under § 1395oo (f)(1) to grant any relief.

The statutory language at issue reads in pertinent part as follows:

The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.

42 U.S.C. § 1395oo (d).

The essence of the Secretary's argument was that the phrase "matters covered by such cost report" referred to claims for reimbursement that the provider made in its cost report. The instant malpractice claims, she argued, were "new claims" that were not raised in the cost report and hence they were not "matters covered" by the cost report.

In *Community Hospital v. Roanoke Valley, et al. v. Health and Human Services,* 770 F.2d 1257, 1262, the Fourth Circuit held that the "scope of [the Board's] jurisdiction conferred by § 1395oo (d) [was] limited to matters 'put into dispute by the provider at the time the cost report was filed.'" *Community Hospital, supra* citing *Athens Community Hospital, Inc. v. Schweiker,* 743 F.2d 1, 10 (D.C.Cir.1984) (opinion on rehearing). Specifically, the Fourth Circuit held that a "provider must affirmatively place an issue in controversy at the time it files its cost report in order to preserve its ability to appeal the matter to the Board." *Community Hospital, supra,* 770 F.2d at 1262. The Court explained what it meant to "affirmatively place an issue in dispute" in footnote 4:

[4] In this case, the noncomplying hospitals placed the validity of the labor/delivery room policy in dispute at the time they filed their cost reports by failing to comply with the accounting procedure.

This need not be the only manner by which a provider can place an issue in dispute when filing a cost report. For example, *a provider may append a letter to its cost report stating that it disagrees with a particular regulation and believes it is entitled to reimbursement for particular items not included in the body of the cost report.* See *Athens Community Hospital,* 743 F.2d at 5. The complying hospitals in this case did nothing at all to notify their fiscal intermediaries that they disagreed with the labor/delivery room policy. (emphasis added).

In the instant case, Potomac, Mary Immaculate, and Greensville Fiscal Year 1980 Hospitals argue that they did place the malpractice insurance coverage in dispute when they (1) reported their full malpractice costs on Worksheet A, and then (2) disallowed those costs in making the computations on Worksheet A–8, in accordance with the Secretary's regulations. Additionally, one of the instant plaintiffs, Greensville Fiscal Year 1980, included, with its cost report, a letter of protest regarding the malpractice regulation. These plaintiffs contend that a cost report is not a single distinct document, but rather, is a compilation which includes the worksheets to which they make reference. See *Community Hospital, supra* at fn. 4.

Although the Secretary initially found that the Board had no jurisdiction to review either Potomac, Mary Immaculate, or Greensville Fiscal Year 1980 claim, this Court must respectfully disagree. In light of the Fourth Circuit's *Community Hospital* opinion, *supra,* and the new evidence presented to the Court, it is clear that these parties placed the issue of malpractice recovery in dispute when they filed their cost reports with the fiscal intermediaries. Accordingly, this Court will grant all plaintiff hospitals recovery in this action,[1] and will remand to the Secretary for further action.

An appropriate order shall issue.

---

1. The Court has determined that these hospitals complied with 42 U.S.C. § 1395oo:

Alexandria Hospital; Chesapeake General Hospital; Culpeper Memorial Hospital, Inc.; The Fauquier Hospital; General Hospital of Virginia Beach; Greensville Hospital; Hampton General Hospital; Loudoun Memorial Hospital; Louise Obici Memorial Hospital; Mary Immaculate

26

## FINAL ORDER

This matter is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit which affirmed the Court's Order of May 17, 1984 and remanded the matter for determination of the claims properly before it in accordance with 42 U.S.C. § 1395*oo*, and accordingly, it is ADJUDGED and ORDERED as follows:

1. That pursuant to the stipulation of the parties herein, the Court finds jurisdiction over all claims of the Plaintiff hospitals, including those of Mary Immaculate Hospital, Greensville Memorial Hospital, and Potomac Hospital; and

2. That these matters be, and the same are hereby, REMANDED to the Secretary of Health and Human Services for recalculation of the reimbursement for malpractice insurance costs pursuant to the overhead formula in effect prior to the 1979 amendments to the malpractice rule and for payment of the amounts so determined, including interest as provided in 42 U.S.C. § 1395*oo* to the date of said payments.

Hospital; Mary Washington Hospital; National Hospital for Orthopaedic; Norfolk Community Hospital; Northampton-Accomack Memorial; Portsmouth General Hospital; Potomac Hospital; Prince William Hospital; Richmond Community Hospital; Richmond Memorial Hospital; St. Mary's Hospital of Richmond, Inc.; Southside Community Hospital; Tidewater Memorial Hospital; Whittaker Memorial Hospital; Williamsburg Community Hospital.